**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PROCON USA COLLECTIONS, INC.,

Plaintiff,

v.                                              Case No. 8:14-cv-02560-EAK-TGW

JAMES P. CHARNQUIST, STEVEN J. CHARNQUIST, DAVID B. HENDRICKS, JERALD KING, DAVID "ERIC" LANE, FRED F. MORGAN, HHS PARTNERS, LLC, HOUSING 2000, INC., RIVER LANDING GP, LLC, SAGE PROPERTIES CORPORATION, and SEVEN FARMS DEVELOPMENT GROUP, LLC,

Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

THIS CAUSE is before the Court on Motion to Dismiss for lack of personal jurisdiction, Motion to Dismiss for failure to state a claim, or, in the alternative, Motion for More Definite Statement in response to the Complaint by Defendants', Fred F. Morgan (Doc. 27), Housing 2000, Inc. (Doc. 28), Seven Farms Development Group, LLC (Doc. 29), River Landing Group, LLC (Doc. 30), James Charnquist, Steven Charnquist, and Sage Properties Corporation (Doc. 32), and HHS Partners, LLC (Doc. 33). Defendants, David B. Hendricks, Jerald King, and David "Eric" Lang will also be subject to this Order which applies to all Defendants.

For the reasons hereinafter stated, Defendants' Motion to Dismiss for lack of personal jurisdiction is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

These Motions were filed by all Defendants except David B. Hendricks, Jerald King, and David "Eric" Lang.  The individual Defendants are residents of the State of Texas.  Because Hendricks, King, and Lang are similarly situated, they will be included for purposes of these Motions.  HHS Partners is a Texas Limited Liability Company, Housing 2000 is a Texas Corporation, River Landing Group is a Delaware Limited Liability Company, Sage Properties Corporation is a Texas Corporation, and Seven Farms is a South Carolina Limited Liability Company.  All of these companies have their principal place of business in Houston, Harrison County, Texas.  Plaintiff, PROCON USA COLLECTIONS, INC. is a Florida Corporation formed under the laws of the State of Florida and having its principal place of business in Orange County, Florida.

Plaintiff filed suit against Defendants, alleging breach of contract, breach of implied-in-law contract, unjust enrichment, breach of fiduciary duty, conversion, conspiracy for conversion, fraud, fraud in the inducement, conspiracy to commit fraud, violation of Florida Uniform Fraudulent Transfer Act, and civil conspiracy.  Subsequently, Defendants filed these Motions on the grounds that this Court lacks personal jurisdiction because Defendants are residents of the State of Texas; have not in the past few years been to Florida; do not own property in Florida; do not have any financial instruments in Florida; do not have a registered agent or officer located in Florida; do not own real or personal property in Florida; and do not personally solicit or conduct business in the state of Florida.  Plaintiff maintains that this action arises from a contract with a mandatory forum selection clause, selecting this Court for Federal District

Court proceedings. As such, Plaintiff asserts that this Court has personal jurisdiction over Defendants.

## STANDARD OF REVIEW

**A.     Motion to Dismiss for Lack of Personal Jurisdiction**

To assert personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists by presenting enough evidence to withstand a motion for directed verdict. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). If the plaintiff pleads enough facts to state a *prima facie* basis for personal jurisdiction, the burden of proof shifts to the defendant to challenge the plaintiff's allegations by affidavits or other pleadings. *U.S. S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997). If the defendant sufficiently challenges the plaintiff's assertions, then the plaintiff must affirmatively support its jurisdictional allegations set forth in the complaint, and if the affidavits or depositions are in conflict, the court must construe all reasonable inferences in favor of the plaintiff. *Id.*

To determine whether the court may exercise personal jurisdiction over a nonresident defendant, the court must determine: 1) "whether the state long-arm statute permits assertion of jurisdiction" and 2) "whether sufficient minimum contacts exist to satisfy due process requirements of the *Fourteenth Amendment* so that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Wendt v. Horowitz*, 822 So.2d 1252, 1257 (Fla. 2002) (citing *Execu-Tech Bus, Sys., Inc. v. New Oji Paper Co.*, 752 So.2d 582, 584 (Fla. 2000)). The existence of a contract between a resident and a nonresident is insufficient for determining if personal jurisdiction exists in a particular forum. A contract is merely an intermediate step in a business transaction;

consequently prior negotiations, contemplated future consequences, terms of the contract and the parties' actual course of dealing must be evaluated under the statutory prong and the constitutional prong of personal jurisdiction. *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 501 (Fla. 1989).

The enforceability of a forum selection clause is reviewed *de novo*. *Benefit Association International, Inc. v. The Mount Sinai Comprehensive Cancer Center*, 816 So.2d 164, 168 (Fla. Dist. Ct. App. 2002) (citing *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290-91 (11th Cir. 1998)). Forum selection clauses are presumptively valid and should be enforced unless there is a strong showing by the resisting party that could clearly prove that enforcement would be unreasonable and unjust, or that the clause was invalid because of fraud or overreaching. *Id.* (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

## DISCUSSION

A.  Motion to Dismiss For Lack of Personal Jurisdiction

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis." *Madara v. Hall*, 916 F.2d 1510, 1514, (11th Cir. 1990). The Court first considers the jurisdictional question under the Florida Long-Arm statute (Fla. Stat. § 48.193). *Id.* If the basis for assertion of personal jurisdiction under the Florida Long-Arm statute is satisfied, the Court must then determine "whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Both prongs of the analysis must be satisfied for this Court to exercise personal jurisdiction over Defendants. *Id.*

### I.  Analysis under the Florida Long-Arm Statue

Florida's long-arm statute provides for both general and specific personal jurisdiction. Fla. Stat. §§ 48.193(1), (2). General personal jurisdiction gives this Court the power to adjudicate Plaintiff's claims if Defendants engaged in "substantial and not isolated" activity in Florida, regardless whether that claim arose from that activity. *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002). "Florida courts hold that 'substantial and not isolated activity' means 'continuous and systematic general business contact' with Florida." *Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1298 (S.D. Fla. 2007). "[U]nder the Florida long-arm statute, a forum selection clause as a matter of Florida law is insufficient in and of itself to confer personal jurisdiction over a non-resident defendant." *Id.* (quoting *McRae v. J.D./M.D., Inc.* 511 So.2d 540, 542 (Fla. 1987)). The party asserting jurisdiction must find another reason under the Florida Long-Arm statue, wholly different from the forum selection clause, for jurisdiction to exist. *Id.* In this case, Defendants do not conduct business or have any other ties to the State of Florida. Furthermore, Plaintiff has failed to prove any alternatives under the Long-Arm statute that suggests a connection stronger than the forum selection clause. Therefore, this Court has no general personal jurisdiction over Defendants.

The court may exercise specific personal jurisdiction over a nonresident defendant if the defendant has purposefully directed his activities to the forum state and the alleged injury to the forum resident arises out of those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "The nonresident's activities and connection

with the forum state must be such that the defendant would 'reasonably anticipate being haled into court there.'" *Structural Panels, Inc. v. Texas Aluminum Indus., Inc.*, 814 F. Supp. 1058, 1066 (M.D. Fla. 1993) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

None of Defendants' actions can be seen as "purposefully directed" to the State of Florida such that it would expect to be "haled" into court in Florida. Defendants' only connection with the State of Florida is the sole signature of Defendant, James Charnquist, in connection with a contract asserting a choice of forum clause for the Middle District of Florida. Defendants question the validity of this contract, but this Court must construe the complaint in a light most favorable to Plaintiff. Even still, Plaintiff has failed to allege any other contacts Defendants may have in support of its contention that the State of Florida can assert specific personal jurisdiction over Defendants. This Court does not believe that Defendants would "reasonably anticipate being haled into court" in this jurisdiction by simply signing a piece of paper. *Structural Panels, Inc.* at 1066. Therefore, this Court does not have specific personal jurisdiction over Defendants or a basis for personal jurisdiction under the Florida Long-Arm Statute.

### II.     Analysis Under Fla. Stat. § 685.102

Fla. Stat. §685.102 does not give this Court the power to confer jurisdiction over Defendants. It reads, in the pertinent part,

> Notwithstanding any law that limits the right of a person to maintain an action or proceeding, any person may, to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to s. 685.101 and which contains a provision by which such person or other entity residing or located outside this state

agrees to submit to the jurisdiction of the courts of this state. Fla. Stat. Ann. § 685.102(1).

According to the statute, Section 685.102 must be read in congruence with Section 685.101. This section reads, in pertinent part, "[t]his section does not apply to any contract, agreement, or undertaking: (a) Regarding any transaction which does not bear a substantial or reasonable relation to this state…" Fla. Stat. Ann. § 685.101(2)(a).

Section 685.101 helps qualify what cases will be applicable in Section 685.102. It requires a "substantial or reasonable relation" to the State of Florida. Fla. Stat. Ann. § 685.101(2)(a). In the preceding section, this Court already found that the contract between Plaintiff and Defendants does not bear a substantial or reasonable relation to this State. Therefore, this Court does not have personal jurisdiction over Defendants.

## **CONCLUSION**

Florida's Long-Arm statute and the Due Process Clause of the 14th Amendment must be satisfied in order for this court to confer personal jurisdiction over Defendants. *Madara* at 1514. This Court finds that Plaintiff failed to establish personal jurisdiction under the Florida Long-Arm Statute. Therefore, it is unnecessary to determine whether or not Plaintiff satisfied the Due Process Clause of the 14th Amendment. Furthermore, this Court did not find the contract at issue in this case as bearing a "substantial or reasonable relation to this state." Fla. Stat. Ann. § 685.101(2)(a). Accordingly, it is

**ORDERED** that Defendants' Motions to Dismiss for lack of personal jurisdiction be **GRANTED**. The cause of action is dismissed for lack of personal jurisdiction. The Clerk of Court is **DIRECTED** to close this case and to terminate any other pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of March 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record